## 48175. L. B. B., III v. STATE OF GEORGIA.

DEEN, Judge. While a police officer may arrest for a crime *committed in his presence,* that is, of which he is *aware* through the use of his senses (Code § 27-207), and while there are circumstances under which he may momentarily detain and question a citizen, if he is acting upon reasonable and articulable suspicion which may yet not amount to probable cause to believe a crime is being committed (*Brooks v. State,* 129 Ga. App. 109), this gives him no right, where a crime is *not* being committed in his presence in such manner that it is known to him by the use of his senses, to stop a vehicle and search the occupants, and calling the search a "frisk" in no way ameliorates the situation. In the first place, a "frisk," if legal at all, is such only in exceptional circumstances and only for the very limited purpose of assuring the officer that the suspect whom he must accost is not going to turn upon him with a weapon. Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). A thorough search of the suspect such as to turn up a small amount of marijuana on her person can never be justified by referring to it as a "frisk." *Holtzendorf v. State,* 125 Ga. App. 747 (188 SE2d 879).

The officers testified, on the motion to suppress evidence in the present case, that they were suspicious of the defendant and his companion because they were stopped in an automobile near a mailbox at night and mailboxes in the vicinity had been blown up at night. As the car pulled off they noticed the occupants and "an unusual amount of motion in the front seat." The police car signalled with a flashing light; the vehicle stopped in approximately 100 feet. The officer recognized the driver as one "that it had been believed that he might have some marijuana." He flashed a light in the car and saw one piece of cigarette wrapping paper, "common cigarette paper used to roll tobacco" on the basis of which he "suspected" that the defendant was violating the law and searched him.

The evidence was improperly seized and should have been suppressed. The officers had no knowledge of any crime being committed in their presence. Had they in fact, when they stopped the automobile, had cause to believe that the occupants were tampering with mailboxes, it seems that a logical course of action would have been to detain the vehicle momentarily while they investigated the mailbox, but this was not in fact done so far as the record shows. A cigarette paper is legal and gives no cause to arrest and search. Neither does a belief that the defendant might have had marijuana at some other time and place. Cf.

United States v. Nicholas, 448 F2d 622.

The trial court erred in denying the motion to suppress the evidence found in the course of the illegal search.

*Judgment reversed. Bell, C. J., and Quillian J., concur.*

ARGUED APRIL 30, 1973 — DECIDED MAY 30, 1973.

*Withers & McDaniel, Douglas L. Johnston,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Morris H. Rosenberg, Carter Goode,* for appellee.