### 53922. FUQUA v. THE STATE.

BANKE, Judge.

The defendant appeals from the revocation of his probation, which was based on the trial court's finding that he was a person concerned in the commission of the crime of commercial gambling on November 20, 1976.

On November 13, 1976, Dan Spivey, a roommate of the defendant, was observed by police picking up betting slips along a route which was familiar to officers as one utilized as part of a gambling operation. Spivey used the defendant's automobile, and the defendant rode with him.

One week later, on November 20, Spivey drove the defendant's car to pick up bets again and was arrested. Based on information received from Spivey's arrest, the police raided a gambling operation at the Moose Club shortly thereafter. Ten minutes after the raid, the defendant arrived at the Moose Club in a borrowed truck. When the defendant got out of the vehicle, a policeman looked into it and saw a folded piece of ruled notebook paper (similar to the type on which bets had previously been recorded) and the defendant's billfold on the floorboard. The officer searched the billfold and paper and found evidence of commercial gambling. A petition for

revocation of probation was filed charging the defendant with committing the offense of commercial gambling on November 20.

In this appeal we are concerned only with whether the defendant committed the offense of commercial gambling on November 20, 1976. We would be unable to affirm the revocation of probation based solely on the commission of any offenses on November 13. Not only does the order of the court below find that the defendant committed the crime of commercial gambling "on the date alleged in the Petition for Revocation of Probation" (November 20) but testimony was allowed as to alleged crimes committed by the defendant on November 13 not for purposes of probation revocation but as evidentiary matters tending to prove his participation on November 20.

1. We hold that the officer's search of the truck which the defendant was driving was illegal and that the trial judge improperly denied a motion to suppress the evidence obtained thereby. At the time of the search, the searching officer may have had strong suspicions that the defendant had been involved in commercial gambling activities based on his activities on previous weeks, his appearance at the Moose Club, the fact that he bent over in the seat before getting out of the truck, his placement of the notebook paper on the truck floor, and the fact that his car had been used by another to collect bets. But, these circumstances do not amount to probable cause to believe that contraband would be found in the truck. See *L. B. B., III v. State of Ga.,* 129 Ga. App. 163 (198 SE2d 895) (1973). A suspicion or "strong reason to suspect" is an insufficient foundation for a finding of probable cause. Henry v. United States, 361 U. S. 98, 101 (1959). Probable cause would exist for the warrantless search of a vehicle only if the facts and circumstances would cause a reasonably prudent person to believe that contraband was present in the vehicle. *Cunningham v. State,* 133 Ga. App. 305, 307 (211 SE2d 150) (1974). "It is important, we think, that this requirement be strictly enforced. . ." Henry v. United States, supra, 361 U. S. at 102. We believe that a reasonably prudent person in the shoes of the officer would not have seen enough to believe that contraband

would be found in the truck driven by the defendant.

2. Furthermore, the search was not legal under the plain view doctrine. Although the police may seize what is in plain sight if they are in a place where they are constitutionally entitled to be, this court has held that it must be immediately apparent to the investigating officer that the property to be seized is contraband. *Cook v. State,* 134 Ga. App. 712 (4) (215 SE2d 728) (1975). An ordinary billfold and plain piece of notebook paper with no writing visible are not so incriminating as to be immediately apparent as contraband.

3. At a revocation hearing, the trial judge is not bound by the same rules of evidence as a jury in passing upon the guilt or innocence of the accused in a criminal trial. Therefore, although the evidence obtained from the pick-up truck which the defendant drove was illegally admitted, if there was other evidence before the court sufficient to authorize the revocation the trial court's judgment may be affirmed. *Cooper v. State,* 118 Ga. App. 57 (162 SE2d 753) (1968).

4. We hold that, based on the defendant's activities in loaning his car to Spivey on November 13 and accompanying Spivey on that date when he collected bets, the trial judge could conclude that the defendant intentionally aided or abetted Spivey in committing the offense of commercial gambling on November 20 by loaning Spivey his car. Thus, the trial judge did not err in revoking the defendant's probation as a person concerned in the commission of the offense. Code Ann. § 26-801(b)(3) (Ga. L. 1968, pp. 1249, 1271).

"The cases [dealing with revocation of probation] are uniform in holding that the quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance. *Harrington v. State,* 97 Ga. App. 315, 319 (103 SE2d 126). Only slight evidence is required to authorize revocation, *Sellers v. State,* 107 Ga. App. 516, 518 (130 SE2d 790), and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion. *Rowland v. State,* 124 Ga. App. 494 (3) (184 SE2d 494); *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582)." *Boston v. State,*

128 Ga. App. 576 (197 SE2d 504) (1973); see *Johnson v. State,* 142 Ga. App. 124 (1977).

5. The trial judge did not err by admitting in evidence testimony concerning the defendant's actions on November 13 and testimony dealing with Spivey's activities on November 20. Such evidence related directly to the defendant's status as a person concerned in the commission of the crime of commercial gambling on November 20. See Code § 38-201; *Campbell v. State,* 234 Ga. 130 (214 SE2d 656) (1975); *Rawlings v. State,* 163 Ga. 406 (2) (136 SE 448) (1926).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 10, 1977 — DECIDED JUNE 8, 1977 —
REHEARING DENIED JUNE 24, 1977 —

*Alan M. Alexander, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

