## 56913. BARLOW v. THE STATE.

SMITH, Judge.

Barlow appeals from the trial court's denial of his motion to suppress evidence seized upon a warrantless search. We reverse.

Appellant was convicted of possessing nine ounces of marijuana, in violation of the Georgia Controlled Substances Act. The events leading up to the seizure of the marijuana, as brought out at the suppression hearing, are as follows: On the evening of September 16, 1977, the Warner Robins police department received a telephone call reporting that a shooting had occurred at 315 Evergreen Street. The perpetrator was described as a black male, and he was said to have departed the address driving a 1967 or 1968, " cream-colored" Chevrolet. The police dispatcher relayed this information to Captain Smith, who investigated. Shortly thereafter, another telephone caller reported a shooting at 132 Old Mission Way in Warner Robins, and the related information indicated the same individual was responsible. Captain Smith went to the latter address and, after finding nothing amiss, patrolled in the immediate vicinity. A few minutes later, Captain Smith spotted a car fitting the description parked in the driveway of the Old Mission Way address. According to Smith, a crowd of people was "just in front of" the vehicle, and he parked his patrol car directly behind the suspect's. Smith inquired generally as to who owned the car, and a white male, the appellant, responded that he did. While a conversation ensued between the two as they stood at the front of appellant's car, Sergeant Britt, the "back-up" to Smith, arrived in his patrol car. The dispatcher had related to Britt the car's, not the suspect's, description. As the appellant and Smith continued conversing, Britt approached the appellant's car, and, looking for a gun, "shined a flashlight" onto the front seat. The contents of an open, brown grocery bag on the front seat reflected the flashlight's beam, and " the

first thing that crossed [Britt's] mind was that possibly it was a nickel-plated pistol." Britt said he then "held the light up higher and raised up to where [he] could look over in [the bag] and at this time [he] could tell there was [sic] several plastic bags individually rolled that [he] presumed to be marijuana." Britt testified that, from his vantage point outside the car, he could not see the contents of the glassine bags. He further testified it was only after he reached inside the car and picked up the grocery bag that he could tell the glassine bags contained a "green, leafy substance." No gun was found inside the car, and appellant was arrested only for violating the Controlled Substances Act.

"Probable cause would exist for the warrantless search of a vehicle only if the facts and circumstances would cause a reasonably prudent person to believe that contraband was present in the vehicle." *Fuqua v. State,* 142 Ga. App. 632, 633 (236 SE2d 685) (1977). The only fact the state set forth as alleged justification for the warrantless search was Britt's sighting of a grocery bag containing individually rolled, plastic baggies. That fact did not suffice to establish probable cause, but rather it would warrant, at most, only a "suspicion or 'strong reason to suspect.' "[1] *Fuqua,* supra, at p. 633. See *L.B.B. v. State of Ga.,* 129 Ga. App. 163 (198 SE2d 895) (1973). The trial court thus erred in denying appellant's motion to suppress.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

Submitted November 14, 1978 — Decided January 18, 1979.

*Theron Finlayson,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.

---

[1] Neither appellant's motion to suppress nor his appellate brief alleges that "exigent circumstances" (see Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LEd 543) (1932)) were lacking.