## 67497. FLUKER v. THE STATE.

Carley, Judge.

Appellant was indicted for two counts of vehicular homicide and for trafficking in cocaine. He was tried before a jury and convicted of trafficking in cocaine. Appellant appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant enumerates as error the denial of his motion to suppress the fruits of the warrantless search of his automobile. The evidence at the suppression hearing revealed the following: Officer Lee was summoned to the scene of a collision involving a motorcycle and an automobile driven by appellant. During the course of Officer Lee's investigation, two bystanders informed him that immediately after the collision, they observed appellant remove two white packages from the passenger compartment of appellant's automobile. The witnesses told Officer Lee that appellant then opened the hatchback of his automobile and concealed the packages under the carpet by the spare tire. Officer Lee testified that he immediately asked appellant for the keys to his automobile. Appellant complied, and Officer Lee opened the hatchback and found the concealed packages by the spare tire. Appellant was then placed under arrest. It was later determined that the packages contained cocaine.

The State asserts that the warrantless search of appellant's auto-

mobile and seizure of the contraband came within the recognized "automobile exception." Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925). "In order to satisfy the criteria enunciated in Carroll and thereby bring a warrantless search within the 'automobile exception,' the State must demonstrate that probable cause to search *and* exigent circumstances requiring an immediate search were present when the search was conducted." (Emphasis in original.) *McKinney v. State*, 155 Ga. App. 930, 932 (273 SE2d 888) (1980). Appellant does not dispute the presence of probable cause to search his automobile, but contends that because his automobile was immobile at the time of the search, no exigent circumstances existed.

It has long been held that a warrantless search of an automobile is permitted where it is not practical to secure a warrant because the vehicle can quickly be moved out of the locality or jurisdiction in which the warrant must be sought. Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971); *Radowick v. State*, 145 Ga. App. 231 (244 SE2d 346) (1978). It is undisputed that, in the instant case, appellant's automobile was rendered immobile due to the collision. However, appellant's automobile was disabled in an intersection and was obstructing traffic. Officer Lee testified that it was normal police procedure to direct that an inoperable vehicle be removed from the road. Such a removal would be treated as a "private haul," whereby a private wrecker service would be called to tow the automobile away from the area. Furthermore, at the time that Officer Lee learned of the existence of the suspected contraband, appellant was not under arrest.

Thus, even though the automobile could not be quickly removed from the scene under its own propulsion, it was clearly "movable" in that it would have to be towed from the intersection to prevent its obstruction of traffic. The evidence shows that the removal was to be considered a "private haul," and would certainly be moved from the location to a private junk yard rather than to a police facility. "[T]he fact that the vehicle was not *moving on the highway* . . . is of no significance . . . [A] *moving* vehicle is not the *sine qua non* for the exception; the proper test is whether or not the vehicle was *movable*. [Cits.]" (Emphasis in original.) United States v. Burrow, 396 FSupp. 890 (1975). See also Carroll v. United States, 267 U. S. 132, supra.

More importantly, however, the vehicle containing *suspected contraband* was about to be moved and, therefore, the contraband was easily subject to disappearance. As previously stated, appellant was not under arrest or under police custody prior to the search. The automobile was to be towed out of the immediate locale and out of the presence of the police. There was nothing to prevent appellant from accompanying his automobile while it was towed or from later going to his automobile to remove or destroy the contraband. Fur-

thermore, there were at least two bystanders who knew of the existence of the contraband in the automobile. The possibility of the disappearance of the contraband from an automobile is a critical factor in determining the existence of exigent circumstances. In Coolidge v. New Hampshire, supra at 460, the Supreme Court of the United States found exigent circumstances lacking where "[t]here was no way in which [appellant] could conceivably have gained access to the automobile after the police arrived on his property." Moreover, the Court emphasized that there was "nothing in this case to invoke the meaning and purpose of the rule of Carroll v. United States, . . . no contraband or stolen goods or weapons, no confederates waiting to move the evidence." Coolidge v. New Hampshire, supra at 462. In contrast, in the instant case, contraband was involved, and appellant, as well as another, could have moved or destroyed the evidence. See United States v. Menke, 468 F2d 20 (1) (3rd Cir. 1972); United States v. Johnson, 340 FSupp. 1368 (1972).

Finally, we do find uncompelling any assertion that the police officers should have seized the automobile and held it while obtaining a search warrant. "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." Chambers v. Maroney, 399 U. S. 42, 52 (90 SC 1975, 26 LE2d 419) (1970). "Where an automobile is the subject of the search, the possibility of its movement *and the concomitant disappearance of the contraband* is a more critical factor than a count of the number of agents present who could be dispatched to a warrant-issuing authority." United States v. Menke, supra at 23.

Based upon the foregoing analysis, we find that exigent circumstances existed which, coupled with probable cause, rendered the warrantless search of appellant's automobile proper. The trial court did not err in denying appellant's motion to suppress.

2. Appellant enumerates as error the denial of his motion to sever the trafficking in cocaine count for separate trial.

Offenses may be "joined for trial when they are based (1) 'on the same conduct' or (2) 'on a series of acts connected together' or (3) on a series of acts 'constituting parts of a single scheme or plan.' [Cit.] If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary 'to achieve a fair determination of the defendant's guilt or innocence of each offense.' [Cit.]" *Haisman v. State*, 242 Ga. 896, 900 (252 SE2d 397) (1979). In this case, immediately following the automobile collision, appellant was seen getting out of his automobile and placing two bags containing a white sub-

stance into the hatchback of his automobile. The policeman who was called to the scene of the accident was told of appellant's conduct, which led to appellant's arrest for trafficking in cocaine. It is clear that appellant's acts concerning all of the offenses for which he was charged "were so closely connected and related it appears the evidence regarding each transaction would have been admissible in the proof of the other. Under these circumstances, we conclude it was not an abuse of the trial court's discretion to require all charges tried simultaneously by the same jury." *Wilson v. State*, 245 Ga. 49, 55 (262 SE2d 810) (1980). See also *Fowler v. State*, 155 Ga. App. 76 (270 SE2d 297) (1980); *Boyd v. State*, 168 Ga. App. 246, 250 (4) (308 SE2d 626) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984.

Thomas A. Travis, Jr., for appellant.
Robert E. Wilson, District Attorney, Thomas S. Clegg, Ann Poe Mitchell, Barbara Conroy, Assistant District Attorneys, for appellee.