## 71505. VINCENT v. THE STATE.
### (342 SE2d 382)

BENHAM, Judge.

A bench trial resulted in appellant's conviction for violating the Georgia Controlled Substances Act and the imposition of a sentence under the First Offender Act. In his sole enumeration of error, appellant contends the trial court erred when it denied his motion to suppress. We agree with appellant and, accordingly, reverse the judgment of conviction.

1. The marijuana which was the basis for the charge against appellant was found in appellant's car by a police officer who conducted a warrantless search. "Generally, searches conducted without the prior approval of a judge or magistrate must be justified under one of the 'specifically established and well-delineated exceptions' to the warrant requirement. [Cit.] Among those exceptions is what is commonly denominated as the 'automobile exception' and which had its genesis in *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925). The phrase 'automobile exception' connotes a legitimate warrantless search of this otherwise constitutionally protected area whenever (1) probable cause to believe that the automobile contains contraband or evidence of a crime conjoins with (2) exigent circumstances making the warrant procedure impractical and causing the resort to an immediate warrantless search to be reasonable and necessary. [Cits.]" *State v. Estrado*, 170 Ga. App. 889 (2) (318 SE2d 505) (1984). The question at issue in the case before us is whether the officer had the requisite probable cause to conduct the warrantless search of appellant's car.

At the suppression hearing, the arresting officer testified he drove by a Crown service station on Memorial Drive at 2:30 a.m. He noticed an occupied car with its lights extinguished sitting in the lot and, knowing the station's propensity for being robbed, pulled into the parking lot next-door to observe the situation. Five to ten minutes later, another car entered the service station lot, circled the building and stopped alongside the auto which had first aroused the officer's

suspicions. The officer watched as the passenger of the second car handed a large paper sack to the first car's driver, who in turn handed it to his passenger, who placed it behind her seat, partially covering it. The two cars, one still without its headlights on, then left the service station lot in opposite directions. The police officer turned on his siren and flashing lights and followed the car without headlights. The driver turned on his lights, but the officer followed him until he pulled over, approximately one-half mile from the Crown station. The officer stated he stopped the vehicle because the operator was driving a motor vehicle without headlights or taillights.

Upon stopping his car, the appellant/driver exited and approached the officer's vehicle, inquiring as to what was wrong. The officer described appellant's demeanor as "real nervous." The officer met appellant on the driver's side of appellant's automobile and asked to see his driver's license. From that vantage point, the officer could see plastic protruding from the partially open paper sack. He testified that he knew from his police experience that plastic bags were commonly used to package marijuana. The officer stated he was unable to see anything but the plastic in the bag. After appellant complied with the officer's request for identification, the officer asked, "What's in the paper bag?," to which appellant replied, "What paper bag?" The officer went to the passenger side of appellant's car, had the passenger unlock the door, stated, "This paper bag right behind her," and pulled three plastic bags containing brown leafy material from the paper bag. Appellant and his companion were then placed under arrest.

"Probable cause would exist for the warrantless search of a vehicle only if the facts and circumstances would cause a reasonably prudent person to believe that contraband was present in the vehicle. [Cit.]" *Fuqua v. State*, 142 Ga. App. 632 (1) (236 SE2d 685) (1977). "A suspicion or 'strong reason to suspect' is an insufficient foundation for a finding of probable cause. [Cit.]" Id. The passing of a paper bag from one car to another late at night, the officer's subsequent observation of plastic protruding from that bag, and appellant's response, "What paper bag?," when the officer inquired as to the contents of the bag do not constitute "facts and circumstances . . . as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law." *Williams v. State*, 167 Ga. App. 42, 43 (306 SE2d 46) (1983). See *Barlow v. State*, 148 Ga. App. 717 (252 SE2d 214) (1979), where a police officer, looking for a gun, saw something shiny in a partially open brown paper bag on the front seat of a car. Upon closer inspection from without the car, the officer realized the shiny object was actually several plastic bags individually rolled, the contents of which he could not see but presumed were marijuana. He reached into the car and picked up the grocery sack, at which time

he became aware of the contraband contained in the glassine bags. In *Barlow*, this court reversed the denial of the motion to suppress, stating that the officer's sighting of a grocery bag containing plastic baggies did not establish necessary probable cause to search but warranted, at most, only a suspicion or strong reason to suspect. Id. at 718. In the present case, the officer did not even see plastic baggies — he saw only plastic protruding from the sack. Even though his suspicions may have been heightened by witnessing the late-night handing of the grocery sack from one car to another, the sighting of plastic and the nervousness of the driver do not combine with the raised suspicions to constitute probable cause to search the vehicle. "Because the officer had no probable cause to believe the car contained contraband until he actually saw it later, he was not then authorized to enter the space of the car in order to search for it." *State v. Key*, 164 Ga. App. 411, 412-413 (296 SE2d 60) (1982).

The State cites *Fluker v. State*, 171 Ga. App. 415 (319 SE2d 884) (1984), in support of its argument to uphold the search. In *Fluker*, however, the focus was solely on the exigency of the circumstances surrounding the warrantless search of the automobile since Fluker, unlike appellant here, did not raise the issue of the existence of probable cause in this court. Id. at 416.

2. Nor can the search be sustained under the "plain view" doctrine, which permits a law enforcement officer to "visually search the entirety of a car from his vantage point on a street or roadside . . . so long as [he has] a legitimate reason and [is] looking from a place in which [he] has a right to be." *State v. Key*, supra at 412. "Although the police may seize what is in plain sight if they are in a place where they are constitutionally entitled to be, this court has held that it must be immediately apparent to the investigating officer that the property to be seized is contraband. [Cit.] An ordinary [grocery sack with plastic protruding therefrom is] not so incriminating as to be immediately apparent as contraband." *Fuqua v. State*, supra at Division 2.

*Judgment reversed. Banke, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 10, 1986.

*J. Phillip Hancock*, for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, James W. Richter, Assistant District Attorneys*, for appellee.