## 76819. THE STATE v. FIELD.
(373 SE2d 815)

CARLEY, Judge.

An accusation was filed charging appellee with possession of less than one ounce of marijuana. Appellee filed a pre-trial motion to suppress, asserting that the marijuana had been seized in an unlawful search of her apartment.

After conducting a hearing on appellee's motion, the trial court indicated it was making the following factual determinations: At the time that the marijuana was discovered, police officers were lawfully present in appellee's apartment for the purpose of arresting her on unrelated charges. While present in the apartment for this lawful purpose, one officer observed that a water pipe, or "bong," was sitting on a mantle and that, next to the water pipe, there was "maybe some kind of wrapping." As these items were located some distance away from where he was standing, the officer walked over to the mantle. From his new position standing next to the mantle, he observed that

the cellophane wrapping held a green, leafy substance. Because the substance appeared to be marijuana, the officer seized it. Having found these facts, the trial court held that the officer, by merely walking over to the mantle for a closer look at items he had previously seen in plain view, had conducted an unauthorized "search" of appellant's apartment and that suppression of the marijuana was mandated under the holding in *Arizona v. Hicks*, ___ U. S. ___ (107 SC 1149, 94 LE2d 347) (1987). The State appeals from the trial court's grant of appellee's motion to suppress.

The evidence that was adduced at the hearing on appellee's motion would authorize the trial court to make the above-stated factual findings. We are, therefore, bound by those findings of fact. Accordingly, the only issue to be resolved is whether the trial court erred in its legal conclusion that, under the indicated circumstances, the suppression of the marijuana was required under the holding of *Arizona v. Hicks*, supra.

The facts of *Hicks*, supra, were as follows: An officer, who was lawfully in the apartment of the accused for the purpose of investigating a shooting, observed expensive stereo equipment. Although he had no probable cause to believe that the equipment had been stolen, the officer moved the equipment in order to record the serial numbers. When the officer subsequently determined that the serial numbers matched those of stereo equipment which had been reported as stolen, the equipment in the accused's apartment was seized. Under these circumstances, the Supreme Court held that the warrantless seizure was not authorized under the "plain view" doctrine, since the officer had no probable cause to believe that the stereo equipment was stolen prior to conducting the "search" to obtain the serial numbers. The officer's *"moving of the equipment . . . did constitute a 'search'* separate and apart from the search for the shooter, victims, and weapons that was the lawful objective of his entry into the apartment." (Emphasis supplied.) *Arizona v. Hicks*, 94 LE2d, supra at 353-354. However, the Supreme Court also held that *"[m]erely inspecting* those parts of the turntable that came into view during the [authorized] search [for the shooter, victims and weapons] *would not have constituted an independent search,* because it would have produced no additional invasion of [the accused's] privacy interest. [Cit.] But *taking action,* unrelated to the objectives of the authorized intrusion, *which exposed to view concealed portions* of the apartment or its contents, *did produce a new invasion of [the accused's] privacy* unjustified by the exigent circumstances that validated the entry." (Emphasis supplied.) *Arizona v. Hicks*, 94 LE2d, supra at 354.

It is readily apparent that the facts of *Hicks*, supra, differ significantly from those which the trial court found to exist in the present case. Here, the officer conducted no "search" to determine the pres-

ence of the marijuana in appellee's apartment. While he was standing in a place in which he was legally authorized to be, the officer observed, in plain view, certain suspicious items. The officer did not move any of the items, nor did he take any action which exposed that which had previously been concealed. He merely took a closer look at the items which were otherwise in his plain view. There was no new invasion of appellee's privacy and, consequently, there was no warrantless "search" of her apartment. See *United States v. Walker*, 673 FSupp. 292, 296 (n. 2) (N.D. Ill. 1987); *United States v. Small*, 664 FSupp. 1357, 1365 (10) (N.D. Cal. 1987). Compare *Vincent v. State*, 178 Ga. App. 199 (342 SE2d 382) (1986) (holding that the suppression of evidence is required where officers, even after closer visual inspection, are unable to identify the contraband as such without removing it from its container which was in plain view).

Nothing in *Hicks* supports the legal proposition that an officer, who is otherwise lawfully in the residence of an individual, may not make a closer visual inspection of any items which are then in his "plain view." "[A] truly cursory inspection — one that involves merely looking at what is already exposed to view, without disturbing it — is not a 'search' for Fourth Amendment purposes, and therefore does not even require reasonable suspicion." *Arizona v. Hicks*, 94 LE2d, supra at 356. Likewise, nothing in *Hicks* supports the legal proposition that an officer, who is otherwise lawfully in the residence of an individual and who has made a closer visual inspection of items which are in his "plain view," may not, as the result of that closer visual inspection, seize the items upon probable cause to believe that they are contraband or evidence of a crime. "Under the 'plain view' doctrine [as interpreted in *Hicks*, supra], a warrantless seizure of private possessions by the police is constitutionally permissible if three requirements are met: (1) the police have made a lawful intrusion or are properly in a position to view a particular area; (2) they discover incriminating evidence inadvertently, without knowing the location of the evidence or intending to seize it in advance; and (3) the police have probable cause to believe that the items they observe may be evidence of a crime, contraband, or otherwise subject to seizure. [Cits.]" *United States v. Small*, supra at 1366 (10). Under the facts in the present case, as found by the trial court, all three requirements were met. Accordingly, the trial court erred in granting appellee's motion to suppress.

*Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs specially.*

Deen, Presiding Judge, concurring specially.

The only Georgia case cited supporting the position of the majority opinion, *Vincent v. State*, 178 Ga. App. 199 (342 SE2d 382)

(1986), is not a binding precedent (only two judges concurring fully). Nevertheless, under *Arizona v. Hicks*, ___ U. S. ___ (107 SC 1149, 94 LE2d 347) (1987), the majority opinion is correct; therefore, I concur fully with what is said.

DECIDED SEPTEMBER 22, 1988 —
REHEARING DENIED OCTOBER 3, 1988

*Ken Stula, Solicitor*, for appellant.
*Edward D. Tolley*, for appellee.