## A91A0975. WISE v. THE STATE.
(411 SE2d 303)

Carley, Presiding Judge.

Appellant was tried before a jury and found guilty of trafficking in cocaine, escape, and obstruction of an officer. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt. Appellant filed a pretrial motion to suppress the cocaine which had been seized from his automobile. The denial of this motion is the basis for appellant's sole enumeration of error.

Appellant urges that the initial stop of his vehicle was pretextual. However, the evidence presented at the hearing on appellant's motion authorized the following findings: An officer received a tip that cocaine would be delivered to a certain house after midnight by someone who would be driving a green Cadillac with tinted windows. Because the tip was from an unfamiliar and uncorroborated source, it did not, in and of itself, establish probable cause. However, in an effort to corroborate the tip, the officer observed, after midnight, a blue rather than green Cadillac being driven slowly past the named location, a so-called crack house, at 20 miles per hour, 15 miles per hour below the posted speed limit. This vehicle turned onto an adjacent street, where it crossed the yellow centerline for some distance. Having observed the vehicle cross the centerline, the officer stopped the car to investigate the possibility that the driver was under the influence of intoxicants.

Appellant's reliance on *Tarwid v. State,* 184 Ga. App. 853 (363 SE2d 63) (1987) as authority for the proposition that the stop of his vehicle was pretextual is misplaced. In that case, the arresting officer "testified that at the time of the stop [the defendant was] not committing any traffic violations." *Tarwid v. State,* supra at 853 (1). Here, on the other hand, the evidence supports the trial court's finding that "the stop of the appellant's vehicle was predicated on an actual, observed [moving] violation. . . ." *Williams v. State,* 187 Ga. App. 409, 411 (1) (370 SE2d 497). The fact that, at the time of the stop, the officer may have had a suspicion, short of probable cause, that the vehicle would contain contraband does not demand a finding

that the stop was pretextual. "[No] officer is precluded from stopping a vehicle for an observed traffic violation [merely because] he is motivated [in part] by a suspicion, itself insufficient to justify an investigatory stop, that the vehicle might be transporting drugs." *Williams v. State*, supra at 411 (1). Since the trial court's finding that the stop of appellant's automobile was not pretextual is amply supported by the evidence, that finding is controlling.

Appellant further urges that, even if the initial stop of his vehicle was authorized, the subsequent seizure of the cocaine from his vehicle was not. However, the evidence presented at the hearing on appellant's motion authorized the following findings: When the officer approached the stopped vehicle, he observed that appellant was the driver. The officer had personal knowledge that appellant had prior involvement with drugs and that, during a previous arrest attempt, appellant had escaped and fled. The officer observed, through the open window and in plain view, an open brown paper bag in appellant's vehicle. In the bag, the officer saw a white-capped bottle wrapped in tin foil. In the officer's prior experience, cocaine was "carried that way and distributed that way." This evidence clearly authorized the trial court to find that the officer, having received the tip and having made his observations, had probable cause to believe that the brown bag in appellant's vehicle contained cocaine and that its immediate seizure was authorized under the "plain view" doctrine. *Texas v. Brown*, 460 U. S. 730 (103 SC 1535, 75 LE2d 502) (1983); *Mitchell v. State*, 181 Ga. App. 470 (352 SE2d 647) (1987).

Appellant's reliance upon *Arizona v. Hicks*, 480 U. S. 321 (107 SC 1149, 94 LE2d 347) (1987) is misplaced. In *Hicks*, the officer had no probable cause to seize stolen stereo equipment until *after* he had moved the equipment to observe and record the serial number. Here, unlike *Hicks*, the officer had probable cause to seize the paper bag containing cocaine based entirely upon his *prior* knowledge and upon his *prior* observations from his lawful vantage point outside appellant's automobile. Accordingly, *Hicks* is clearly distinguishable. See *State v. Field*, 188 Ga. App. 639 (373 SE2d 815) (1988). Likewise, *Vincent v. State*, 178 Ga. App. 199, 201 (2) (342 SE2d 382) (1986) does not compel a different result. *Vincent* is a physical precedent only and it does not cite *Texas v. Brown*, supra, which is controlling in the instant case.

*Judgments affirmed. Sognier, C. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 13, 1991 —
RECONSIDERATION DENIED OCTOBER 7, 1991.

*Hudson & Montgomery, James E. Hudson*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.