8217.   HESTER, sheriff, for use, etc., *v.* DAVIS.

Where a purchaser at sheriff's sale refused to comply with his bid and the property was resold and an action for a deficiency in the amount realized was brought against him by the sheriff, for the use of different holders of executions, and, pending the suit, he filed a petition in bankruptcy, listing the sheriff as a creditor, thus: "James Hester, sheriff, suing for the use of the Mount Vernon Bank et al.," and the sheriff thus designated was notified of the pendency of the bankruptcy proceeding, and the petitioner therein was adjudicated a bankrupt and was duly granted his discharge by the bankruptcy court, and an attorney at law, representing all the parties for whose use the sheriff was suing, at the time of the adjudication in bankruptcy, knew of the adjudication, and these facts appeared from the pleadings and the agreed statement of facts on the trial of the sheriff's suit, the judge, who tried the case without a jury, did not err in holding that the discharge in bankruptcy included the claim involved in the suit, although none of the parties for whose use the sheriff was suing, other than the Mount Vernon Bank, were named in the bankruptcy proceeding or in any notice given therein, and none of them were themselves notified of its pendency, and no proof or payment of any claim on their part was made in the bankruptcy court.

DECIDED SEPTEMBER 19, 1917.

Complaint; from Montgomery superior court—Judge Graham. November 11, 1916.

James Hester, sheriff, suing for the use of the Mount Vernon Bank and other holders of executions, sought to recover from M. D. Davis $520, the difference between the amount bid by Davis at a sheriff's sale of certain land and what the land brought at a subsequent sale by the sheriff, Davis having failed and refused to pay the amount of his bid. After the filing of this suit the defendant filed a petition in bankruptcy and was discharged as a bankrupt. The claim of the Mount Vernon Bank was subsequently settled and the suit proceeded for the use of other parties for whom it had been brought, viz., Hunter-Benn & Co., William Herndon, transferee of the First National Bank of Dublin, and the Dublin Fertilizer Works. The case was by consent tried by the judge of the superior court upon an agreed statement of facts, and he rendered judgment in favor of the defendant. The material parts of the agreed statement of facts were in substance as follows:

On the first Tuesday of October, 1914, James Hester, as sheriff of Montgomery county, after duly levying and advertising, put up for sale, according to law, an undivided third interest in 306 acres of land in the 1221st district, G. M., of that county, levied on as the property of R. A. Dukes, under an execution from the city court of Mount Vernon in favor of the Mount Vernon Bank against R. A. Dukes, principal, and J. D. Miller and William Herndon, securities, and also under an execution from the justice's court of the 1221st district, G. M., of that county in favor of the Mount Vernon Bank against R. A. Dukes and J. D. Miller, principals, and J. M. Brooksher, as indorser or surety. At the said sale M. D. Davis bid the sum of $1020, and, that being the highest and best bid, the property was knocked off to him at that price. He failed and refused to comply with his bid by paying that sum to the sheriff and accepting a deed to the land, and on the first Tuesday of February, 1915, the sheriff, after duly advertising the land again, put it up for sale, and the Mount Vernon Bank bid the sum of $500, and, that being the highest and best bid, the property was knocked off to the Mount Vernon Bank for that sum, and the sheriff executed to it a deed to the land. Sometime thereafter, during the year 1915, the said M. D. Davis filed, in the district court of the United States for the eastern division of the southern district of Georgia, a voluntary petition in bankruptcy, and was duly and legally adjudicated a bankrupt by that court. In that petition he listed

"James Hester, sheriff, suing for the use of the Mount Vernon Bank et al.," as a creditor; and the said "James Hester, suing for the use of the Mount Vernon Bank et. al.," was duly notified of the pendency of the petition in bankruptcy. The Mount Vernon Bank, Hunter-Benn & Company, Phil McRae, William Herndon, transferee of the First National Bank of Dublin, and the Dublin Fertilizer Works were not scheduled in the petition or notified of its pendency, or that the said M.,D. Davis had been adjudicated a bankrupt by the United States court. Since the filing of the above-stated suit the Mount Vernon Bank and Phil McRae have been settled with in full, and their claims, the basis of their interest in said case, satisfied; and the plaintiff is not now pursuing the said suit for their use or benefit, but is pursuing it only for the use and benefit of Hunter-Benn & Company, William Herndon, transferee of the First National Bank of Dublin, and the Dublin Fertilizer Works, none of whom proved their claim in the bankrupt court, or received any payment thereon. Since the above-stated case became ripe for trial, and during the first of the year 1916, the said M. D. Davis was duly and regularly granted a discharge by the said United States court from all debts provable in bankruptcy,

The plaintiff contended: (1) that the scheduling of the plaintiff as "James Hester, sheriff, suing for the use of the Mount Vernon Bank et al." and the notice to him as such plaintiff, were insufficient in law; that the bankruptcy law requires that the name of every person, firm, or corporation to whom the bankrupt is indebted shall be listed in his petition and notified of the adjudication. (2) It was further contended that the discharge in bankruptcy did not operate as a discharge from the claim sued on in this case, for the reason that the suit was for a statutory penalty and it was not a debt provable in bankruptcy.

*M. B. Calhoun,* for plaintiff, cited: (1) Bankruptcy act of 1898, sec. 17, subsection 3; *Marshall* v. *English American Loan & Trust Co.,* 127 *Ga.* 376; Collier on Bankruptcy (5th ed.), 214; *Liesum* v. *Krauss,* 35 Misc. (N. Y.) 376. (2) *Hamilton* v. *McCroskey,* 112 *Ga.* 651.

*L. C. Underwood,* for defendant, cited: Civil Code (1910), §§ 6071-2; *Sherman* v. *Walker,* 68 *Ga.* 148; Collier on Bankruptcy (5th ed.), § 63, p. 478; *Hamilton* v. *McCroskey,* supra (distinguished).

BLOODWORTH, J.   Under the pleadings and the agreed statement of facts, appearing in the record, the court, sitting without the intervention of a jury, did not err in rendering judgment in favor of the defendant.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*