### 75072. COOPER v. STATE OF GEORGIA.
(366 SE2d 815)

BENHAM, Judge.

Appellant appeals from the denial of his motion for new trial on the condemnation of $68,500 pursuant to OCGA § 16-13-49 (a) (6), which allows seizure and forfeiture of "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or marijuana . . . [and] all proceeds traceable to such an exchange . . ." He contends that the money in question was seized without probable cause and in violation of the statute.

On May 9, 1986, appellant was stopped for speeding by a police officer in Whitfield County, Georgia. He gave the officer oral consent to search his vehicle, and the officer found $68,500 in cash wrapped in duct tape. Appellant was arrested for speeding and driving without a license, and was read his *Miranda* rights. The officer then asked him about the money, and appellant denied knowing anything about it. Appellant was taken to the sheriff's department, where he signed a statement that the money was not his and that he knew nothing about it. He also gave written consent for a search of the vehicle. When appellant made bond and was released later that day, he did not ask for the vehicle or the money. On May 19, 1986, the State filed a condemnation petition with regard to the money, to which appellant responded, claiming that the funds were his, denying that they were used in violation of the Georgia Controlled Substances Act, and asserting that the funds were seized in violation of his Fourth Amendment rights under the State and Federal Constitutions. Appellant also filed motions to suppress, which the trial court denied. After the condemnation hearing, appellant filed a motion for new trial, which was also denied. Appellant contends that the trial court erred in failing to grant his motions because the seizure was made without probable cause and not pursuant to the statute. Our review of the record reveals that the statute subsection about which appellant complains, OCGA § 16-13-49 (a) (1), does not apply here. In this case, the money

was taken and retained by the authorities only after appellant denied knowledge and ownership of the funds. The testimony offered at the condemnation hearing showed that the money was held because appellant denied that it belonged to him. Under these circumstances, no "seizure incident to an arrest" occurred; at the time of the initial taking, about which appellant complains, the authorities merely took possession of property that had no apparent or admitted owner. "[T]he constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned. [Cit.]" *Williams v. State*, 171 Ga. App. 546 (2) (320 SE2d 389) (1984).

Appellant also argues that the money was seized without probable cause, and again we need not decide the exact issue raised. Assuming arguendo that the seizure did take place at the time of his arrest as appellant contends, it is axiomatic that he had no standing to contest the seizure since he consented to the search and disavowed ownership of the money. *Ramsey v. State*, 183 Ga. App. 48 (1) (357 SE2d 869) (1987). The trial court did not err in making its rulings.

*Judgment affirmed. Banke, P. J., and Carley, J., concur specially.*

BANKE, Presiding Judge, concurring specially.

An undercover agent from Michigan testified that in July of 1986, some two months after the seizure occurred, the appellant confided to him that, "several months earlier," the police in Dalton, Georgia, had seized $68,500 in funds which he had obtained from the sale of some "bales of marijuana." Thus, there was evidence to support the trial court's conclusion that the funds were subject to forfeiture pursuant to OCGA § 16-13-49. The seizure itself having been proper for the reasons stated in the majority decision, I therefore concur in the affirmance of the trial court's judgment.

I am authorized to state that Judge Carley joins in this special concurrence.

DECIDED MARCH 2, 1988.

*Stephen A. Williams, James T. Fordham,* for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney,* for appellee.