A89A0285. THE STATE v. WINGO.
(382 SE2d 384)

SOGNIER, Judge.

The Superior Court of Hall County granted Ronald Clarence Wingo's motion to suppress and the State appeals.

On the evening of February 19, 1988, Sergeant Dan Bishop and several other officers with the Hall County Sheriff's Department executed a search warrant for the apartment of Jimmy and Tammy

Strickland to search for amphetamines. Bishop testified that while he was inside the Stricklands' apartment, he saw appellee drive up in front of the apartment building and park two parking spaces down from the door to the Stricklands' apartment, in between their apartment and the neighboring apartment. Appellee did not leave his vehicle. Bishop stated that he knew appellee from other dealings and search warrants involving narcotics, but could not remember ever making a case against appellee, although Bishop was allowed to testify that he had heard appellee was on probation for a drug violation. After waiting a few moments, Bishop and another officer went outside, drew their service revolvers, and approached appellee in his car. Bishop testified that upon making eye contact with appellee, the officer apprised a "shocked" look on appellee's face. Appellee's vehicle was in reverse and was moving backward, but appellee stopped when Bishop so ordered him. Bishop testified that appellee's vehicle "only moved about a foot or two at the most" before appellee stopped. Appellee was ordered out of his vehicle and was patted down and a film canister was found in his pocket. The officers took appellee into the residence, at some point opening the film canister and finding it contained white powder (later determined to be cocaine). While appellee was being frisked, Bishop searched the automobile and after appellee was taken inside the residence the search was continued, revealing marijuana in the dash and a pistol in a jacket in the back of the vehicle.

The State contends the trial court erred by determining that it failed to meet its burden of showing that the officers had probable cause to seize appellee and search his vehicle. "[P]robable cause concerns probabilities: ' ". . . They are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." (Cit.)' [Cit.]" *Schmidt v. State*, 188 Ga. App. 85, 87-88 (372 SE2d 440) (1988). The only facts adduced by the State giving rise to any suspicion of criminal activity on appellee's part, as revealed by the record and noted by the trial court, were appellee's act in pulling into a parking space in an apartment complex near an apartment being searched for illegal drugs reportedly sold there; the officer's identification of appellee as one previously involved in contraband-related searches; and the movement backward of one to two feet of appellee's car as the officers approached the vehicle with pistols drawn, which, as the trial court noted, considering that appellee stopped the car immediately upon being directed to do so, "can hardly be considered to have been 'flight.' "

In its arguments before this court, the only other factor urged by the State to support the existence of probable cause is Bishop's experience in narcotics investigations. The State does not assert that the

trial court failed to consider properly the evidence but rather urges this court to reevaluate the conclusion drawn by the trial court from that evidence and make a finding that probable cause did exist. However, it is well established that " '[f]actual and credibility determinations . . . made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. (Cits.)' [Cit.] Since there is evidence in the record to support the trial court's action, we may not disturb it." *State v. Louis*, 185 Ga. App. 529, 530 (364 SE2d 896) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 11, 1989.

*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellant.

*Herman A. Watson III*, for appellee.