### A90A0873. THE STATE v. NICHOLS.
(397 SE2d 3)

COOPER, Judge.

The State appeals the grant of appellee's motion to suppress evidence seized during the warrantless search of appellee's vehicle.

During an investigation conducted by a local Drug Task Force, David Sledge sold drugs to undercover agents on two occasions. The task force, seeking to discover the identity of Sledge's supplier, received permission to place an electronic tap on Sledge's telephone. Approximately one week after the tap was placed, Officer Shiflett intercepted a telephone call from an unidentified male to Sledge. It is undisputed that appellee's name was not mentioned during the telephone call and nothing was said by either telephone party to indicate that the other caller was appellee. Shiflett, based on his experience as a drug task force agent, believed that Sledge and the unidentified male were speaking in codes and that a drug transaction was going to take place at a nearby post office, and informed three members of the task force, Whitener, Sutton and Pruitt that Sledge was meeting his source at the post office. Sutton radioed that Sledge was on his way to the post office in a blue pick-up truck, and Whitener hid in some trees behind an adjacent convenience store, where he observed the following activity at the post office: Sledge arrived in a blue pick-up truck and parked in front of the post office; approximately ten to fifteen seconds later, appellee arrived in a truck, in which his wife was a passenger, and parked directly behind Sledge's truck; appellee and Sledge got out of their respective trucks and met at the left front fender of appellee's truck where appellee handed Sledge a white paper bag. Whitener radioed the other members of the task force to come to the post office because the deal was "going down." Whitener then observed Sledge and appellee walk to Sledge's truck and Sledge

gave appellee what appeared to be money. While Sledge and appellee were walking between the two trucks, Pruitt and Sutton arrived announcing that they were police officers and that Sledge and appellee were under arrest. Sledge and appellee began walking back to their respective trucks, but were stopped by Sutton and Pruitt, placed on the ground and handcuffed. Sutton searched Sledge's truck while Pruitt simultaneously searched appellee and his truck. Inside a white paper bag on the front seat of Sledge's truck, Sutton found plastic bags containing what appeared to be cocaine; the search of appellee's truck revealed an oil can with a false bottom containing bags of what appeared to be cocaine, and a search of appellee's person revealed $2,800 in cash. At the hearing on the motion to suppress, the State contended that the search was lawful (1) as incident to a lawful arrest and (2) because it was conducted with probable cause under exigent circumstances. In its order granting appellee's motion to suppress, the trial court found, in addition to the facts recited above, that there was no evidence that the parking lot of the post office was a known place for transacting drugs or that either truck was known to have been used in facilitating drug transactions and that appellee was under arrest at the time Sutton and Pruitt arrived on the scene and before any search of either vehicle took place. The trial court concluded that there was an absence of probable cause, therefore the search and seizure was unlawful.

"It is well established that in a motion to suppress the trial judge sits as the trier of fact, and that holds true even when there is a conflict in the evidence presented. The credibility of the witnesses and the weight to be accorded their testimony rest with the trier of fact, who is under no obligation to believe a witness, even in the absence of contradictory testimony. The factfinder may accept part of a witness' testimony and reject another part, and '(i)n the absence of evidence of record demanding a finding contrary to the judge's determination, this court will not reverse the ruling sustaining a motion to suppress (Cit.)' " *State v. Williams*, 193 Ga. App. 462 (388 SE2d 55) (1989). The State contends that the trial court did not consider the officers' expertise in dealing with drug transactions, particularly the codes in which drug dealers speak. Contrary to the State's assertions, the trial court considered the experience of the officers and specifically noted in its order that "the experience and qualifications of the officers involved and the totality of the other circumstances of the case create a close question as to probable cause vel non." We have reviewed the transcript from the suppression hearing, including the transcript of the telephone call between Sledge and the unidentified male, and find ample evidence to support the trial court's action. Therefore, we may not disturb it. See *State v. Wingo*, 191 Ga. App. 539, 541 (382 SE2d 384) (1989).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Stephen F. Lanier, District Attorney, H. Harold Chambers, Jr., Fred R. Simpson, Assistant District Attorneys,* for appellant.

*Cook & Palmour, Bobby Lee Cook, Allan J. Baverman,* for appellee.