## A94A2379. HOLMES et al. v. THE STATE.
### (449 SE2d 172)

BLACKBURN, Judge.

Following a joint bench trial, appellant Anderson Holmes a/k/a Holmes Anderson was convicted of trafficking cocaine, improper lane change, and giving a false name; and appellant Chris Anthony Dudley was convicted of trafficking cocaine. On appeal, both Dudley and Holmes challenge the trial court's denial of their joint motion to suppress.

At the motion to suppress hearing, Officers Richard Daly and Mark Whitwell of the narcotics unit of the Clayton County Police Department testified that at approximately 6:25 p.m. on October 6, 1993, they were in a patrol car parked in the median of Interstate 75 when they observed a Ford Bronco traveling in the left southbound lane in excess of the posted speed limit. Without using any signals, the Bronco then proceeded into the right lane and slowed down suddenly in front of another vehicle and nearly caused a collision. Based upon their observation of those traffic violations, the officers activated their emergency lights and proceeded behind the Bronco. After traveling a short distance, Holmes, the driver of the Bronco, pulled to the right of the roadway into the emergency lane. Dudley was a passenger in the vehicle. .

When Officer Daly asked Holmes for identification and proof of insurance, Holmes gave the officer Dudley's license and insurance card, stating that he did not have his license with him. He asked Holmes to exit the vehicle and step to the rear of the vehicle. He then asked Holmes for his name, and Holmes supplied the officer with a false name. Dudley informed the officer of Holmes' correct name, and Holmes was subsequently placed under arrest for giving the officer a false name.

Officer Whitwell asked Dudley to exit the vehicle and for consent to search the vehicle, which Dudley owned. Dudley consented to a search. During the search, Officer Whitwell found large bricks of cocaine in brown paper bags in the glove compartment. Both men were subsequently taken into custody and transported to the Clayton County Police Department.

Both Holmes and Dudley testified that Holmes was driving the Bronco with the flow of traffic and did not change lanes until the officers pulled behind them and activated their emergency lights. Dudley further testified that when he exited the vehicle, Officer Whitwell put him against the truck and frisked him but did not ask him if he could search the vehicle.

1. The defendants maintain that the investigatory stop of the vehicle was pretextual and not based upon a reasonable suspicion of criminal conduct, and therefore violated the state and federal consti-

tutions.

"Although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Investigative stops . . . are analogous to *Terry*-stops [of vehicles], and are invalid if based upon only unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. In determining when an investigatory stop is unreasonably pretextual, the proper inquiry is not whether the officer *could* validly have made the stop but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose." (Citations and punctuation omitted.) *Anthony v. State*, 211 Ga. App. 622, 625 (4) (441 SE2d 70) (1993). In reviewing the trial court's order on a motion to suppress, it must be viewed most favorably to uphold the trial court's judgment. See *Tate v. State*, 264 Ga. 53 (1) (440 SE2d 646) (1994).

Holmes was observed driving the Bronco in excess of the posted speed limit and making an abrupt lane change which almost caused a collision. We cannot say that a reasonable officer would not have stopped the vehicle, therefore, defendants' contention that their post detention statements were tainted is without merit.

2. Defendants argue that the search of the vehicle was constitutionally impermissible because the officers did not have probable cause to believe that the vehicle contained evidence of a crime. This contention is without merit as Dudley consented to the search of his vehicle.

Although Dudley denied having given consent to the search "[w]here there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is evidence to authorize a finding in support of his order." (Citations and punctuation omitted.) *State v. Holton*, 205 Ga. App. 434, 437 (2) (422 SE2d 295) (1992). "[I]nherent within the denial of this suppression motion is the trial court's finding that appellant[s'] consent to search was made voluntarily. [Since] a question of credibility had existed regarding the voluntariness of the consent to search, insofar as the trial court's ruling reflects a resolution of this question of credibility in favor of the State, we find no error as such is supported by the evidence." (Citations and punctuation omitted.) *O'Donnell v. State*, 20 Ga. App. 829, 833 (1) (409 SE2d 579) (1991). Valid consent to search eliminates the need for probable cause and results in a waiver of Fourth Amendment rights related thereto. See *Calixte v. State*, 197 Ga. App. 723 (2) (399 SE2d 490) (1990). In addition, since the investigatory stop was legal it did not taint Dudley's consent to the search of his vehicle. See *Wilson v. State*, 210 Ga. App. 886 (43

SE2d 867) (1993). In view of our determination, we need not address whether Holmes had standing to challenge the search. See *O'Donnell, supra.*

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED OCTOBER 12, 1994.

*Joseph A. Maccione,* for appellants.
*Robert E. Keller, District Attorney, Per B. Normark, Assistant District Attorney,* for appellee.