## S98A0981. BROWN v. THE STATE.

(504 SE2d 443)

HUNSTEIN, Justice.

Brown appeals from the denial of his motion to suppress evidence.[1] Because the search of Brown's car did not come within any of the exceptions that authorize a warrantless search, we reverse.

At the hearing on the motion to suppress, DeKalb County Police Officer Richardson testified that he was on patrol on Candler Road while it was raining when an on-coming car failed to activate its headlights after the officer flashed his high beams at the car. The officer turned around after the car to determine whether the driver was DUI or had inoperable headlights. Although the speed limit was 45 mph and the officer was going 40, he concluded based on the time it took to catch up with the car that the driver was either speeding or traveling too fast for conditions. The car pulled into the parking lot of a gasoline station in response to the officer's lights; Brown was the driver and sole occupant. The officer told Brown he was stopping him for driving without headlights; Brown responded that he was not aware the lights were not on. In response to the officer's request, Brown began a search for licensing and insurance documentation. During the search of his left front pocket, Brown pulled out an object described by the officer as a "piece of paper" between one to two inches in diameter. The paper dropped between Brown's legs onto the car seat and Brown immediately closed his legs. The officer testified he asked Brown what he was trying to hide, but the record does not reflect what answer, if any, Brown gave. Although the officer on direct examination indicated that he asked Brown to step out of the car at this point, on cross-examination the officer clarified that Brown remained in the car, looking in the glove compartment, under his seat and behind him until he was able to locate the requested documents. During his search Brown was nervous and shaky and to the officer it seemed that Brown's "movements were trying to hide whatever he was trying to conceal between his legs." After Brown gave the officer the documents, the officer asked Brown to get out of the car. The officer frisked and patted Brown down, found no weapons or contraband, and placed Brown unarrested in the patrol car, leaving Brown locked inside. The officer then returned to Brown's

---

[1] This case is in this Court pursuant to Art. VI, Sec. V, Par. V, Ga. Const. (1983).

car, reached inside and examined the piece of paper, which was clearly visible on the car seat. The examination revealed several small plastic bags containing a rock-like substance. Brown was arrested after field tests positively identified the substance as cocaine.

The officer testified that he asked Brown to get out of the car for safety purposes, because Brown appeared to be nervous, and because the officer considered Brown's behavior in attempting to conceal the piece of paper to be suspicious. The officer acknowledged that he was not going to arrest Brown for either speeding or driving without headlights. The officer testified that he had no knowledge regarding what was in the piece of paper, that the cocaine in the paper was not visible, and that the contraband was not revealed until the officer examined the paper.

The trial court denied the motion to suppress, orally ruling that the stop was valid, that the search was valid "under all the circumstances of this case," and that "the item was found in plain view in the car." No additional evidence was adduced at the subsequent bench trial, at which the trial court found Brown guilty of possession of cocaine in violation of the Georgia Controlled Substances Act and sentenced Brown under the First Offender Act to three years probation.

1. It is well-established that a warrantless search is legitimate under the "plain view" exception only where the incriminating character of the item is immediately apparent. *Horton v. California*, 496 U. S. 128, 136 (110 SC 2301, 110 LE2d 112) (1990). See also *State v. Webb*, 193 Ga. App. 2 (2) (386 SE2d 891) (1989); *Jackson v. State*, 191 Ga. App. 439 (2) (382 SE2d 177) (1989). The piece of paper Brown dropped could not immediately be seen to be incriminating: it was only after Officer Richardson examined the paper that the contraband was discovered. See *Arizona v. Hicks*, 480 U. S. 321 (107 SC 1149, 94 LE2d 347) (1987). We reject the argument that an innocuous object can be deemed "incriminating" under the plain view exception solely by virtue of an act of concealment or "furtive movement." See *State v. Holmes*, 774 P2d 506, 510-512 (Utah App. 1989). Accordingly, the warrantless search of Brown's car was not valid under the plain view exception. *Fuqua v. State*, 142 Ga. App. 632 (2) (236 SE2d 685) (1977).

2. " '[P]robable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law.' [Cit.]" *State v. Hodges*, 184 Ga. App. 21, 24 (360 SE2d 903) (1987). The test of probable cause " 'requires merely a probability — less than a certainty but more than a mere suspicion or possibility. (Cits.)' [Cit.]" *Williams v. State*, 167 Ga. App. 42, 43

(306 SE2d 46) (1983). "A suspicion or 'strong reason to suspect' is an insufficient foundation for a finding of probable cause. [Cit.]" *Fuqua v. State*, supra, 142 Ga. App. at 633 (1). See also *State v. King*, 191 Ga. App. 706 (382 SE2d 613) (1989).

In this case Officer Richardson observed Brown's nervousness, his furtive attempts at concealment, and the paper which was the object of that furtive behavior.

> Observation of what reasonably appear to be furtive gestures is a factor which may properly be taken into account in determining whether probable cause exists. . . . Thus, if the police see a person in possession of a highly suspicious object or some object which is not identifiable but which because of other circumstances is reasonably suspected to be contraband, and then observe that person make an apparent attempt to conceal that object from police view, probable cause is then present.

(Footnotes omitted.) 2 LaFave, Search and Seizure (3rd ed.), § 3.6 (d), pp. 318-319. Accord *State v. Webb*, supra, 193 Ga. App. at 4 (1) (reasonable suspicion of criminal activity arises where there are " 'deliberately furtive actions *and* flight at the approach of strangers or law officers' " (emphasis supplied)). See *Sams v. State*, 265 Ga. 534, fn. 3 (459 SE2d 551) (1995) (furtive gestures alone do not provide reasonable, articulable suspicion to justify *Terry* stop); *Holt v. State*, 227 Ga. App. 46 (487 SE2d 629) (1997) (furtive, nervous movements do not alone provide a particularized reason for detaining an individual); id. at 52 (Ruffin, J., concurring) (furtive gestures "in combination with other suspicious criminal conduct, may be sufficient to create a reasonable suspicion of criminal activity"). See also 45 ALR3d 581 Search and Seizure — Furtive Gesture, §§ 2, 4.

The difficulty in this case is that the furtive gestures observed by Officer Richardson all revolved around Brown's nervous attempt to conceal an item which was neither "highly suspicious" nor suspected by the officer to contain contraband. The officer's description of the item was simply that of a "piece of paper." It does not appear from the officer's testimony that he knew the paper he observed was a container of some sort until after the officer reached into Brown's car and examined the paper. The officer affirmatively testified he had no knowledge what was in the paper. There was no testimony by the officer that due to prior experience he knew contraband could be carried in or attached to the type of paper Brown dropped, compare *Wise v. State*, 201 Ga. App. 412 (411 SE2d 303) (1991) (physical precedent), but see 2 LaFave, supra, § 3.6 (b), p. 299, and the officer did not articulate any other reasonably-founded suspicious factors to

suggest that Brown's unusual behavior towards an innocuous piece of paper raised more than a strong inarticulable hunch that its contents offended the law.[2]

While the appellate courts construe the evidence most favorably to uphold the ruling of the trial court and in the absence of evidence demanding a finding contrary to the judge's determination, we will not disturb the ruling, *State v. White*, 197 Ga. App. 426, 427 (398 SE2d 778) (1990), we cannot conclude from the evidence adduced at the hearing that the facts and circumstances before Officer Richardson were such as would lead a reasonably prudent person to believe that contraband or other evidence of a crime was present in Brown's vehicle. Accordingly, probable cause did not exist for the warrantless search of the vehicle. See *State v. Wingo*, 191 Ga. App. 539 (382 SE2d 384) (1989) (no probable cause to search although Wingo was known to police from other narcotics dealings, displayed "shocked" look and put car in reverse at officers' approach).

3. We cannot find that the trial court's order was right for any other reason. In this case, Officer Richardson's testimony is uncontroverted that Brown was not under arrest at the time the officer reached into Brown's car and retrieved the paper, so the search of the vehicle cannot be considered incident to an arrest. Compare *Sims v. State*, 197 Ga. App. 214 (2) (398 SE2d 244) (1990). It is likewise uncontroverted that Brown did not consent to the search, compare *Holmes v. State*, 214 Ga. App. 827 (2) (449 SE2d 172) (1994), and this case does not present any issue regarding information obtained from third parties such as an informant, compare *Wells v. State*, 212 Ga. App. 60 (2) (441 SE2d 460) (1994); a witness, compare *Fluker v. State*, 171 Ga. App. 415 (1) (319 SE2d 884) (1984), or another law enforcement officer. Compare *McDonald v. State*, 156 Ga. App. 143, 145 (1) (273 SE2d 881) (1980). The officer's conversation with Brown and the consensual pat-down search did not provide the officer with probable cause to search the vehicle. Compare *Durden v. State*, 199 Ga. App. 397 (405 SE2d 50) (1991) and *Dixon v. State*, 180 Ga. App. 222 (4) (348 SE2d 742) (1986). There was no evidence that Officer Richardson entered the car out of a reasonable belief that weapons were placed or hidden within the passenger compartment, compare *State v. Jarrells*, 207 Ga. App. 192 (3) (427 SE2d 568) (1993), and the officer's testimony makes clear that he did not believe Brown's furtive movements involved the hiding of any weapon. Compare *Biffle v. State*, 214 Ga. App. 641 (448 SE2d 749) (1994). There was no evi-

---

[2] Such other factors have been held to include an officer's knowledge of past criminal involvement by individuals inside the stopped vehicle; irregularities in licensing and insurance documentation or the driver's authority to be operating the stopped vehicle; and the location where the stop occurred. See 45 ALR3d 581, supra, § 7 et seq.

dence that Brown disavowed ownership of the paper, compare *Cooper v. State of Ga.*, 186 Ga. App. 154 (366 SE2d 815) (1988), or that Officer Richardson entertained a reasonable belief that Brown had abandoned the paper merely by leaving it inside his own automobile. Compare *State v. Browning*, 209 Ga. App. 197 (1) (433 SE2d 119) (1993).

"Generally, searches conducted without the prior approval of a judge or magistrate must be justified under one of the 'specifically established and well-delineated exceptions' to the warrant requirement. [Cit.]" *State v. Estrado*, 170 Ga. App. 889, 890 (2) (318 SE2d 505) (1984). Accordingly, because the search of Brown's car did not come within any of the exceptions that authorize a warrantless search, we hold that the trial court erred by denying Brown's motion to suppress.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Corinne M. Mull-Milsteen,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Priscilla N. Carroll, Niria L. Dominguez, Assistant District Attorneys,* for appellee.