## S04G0216. SILVA v. THE STATE.
### (604 SE2d 171)

HINES, Justice.

This Court granted a writ of certiorari in *State v. Silva*, 263 Ga. App. 371 (587 SE2d 762) (2003), to determine whether the Court of Appeals correctly applied the de novo standard of review in reversing the trial court's grant of a motion to suppress. Finding that it did, we affirm.

While on patrol, a police officer observed Edward Silva driving 74 miles per hour in a 45 miles per hour zone. The officer activated his blue lights in an attempt to stop Silva, but Silva did not pull over immediately. While Silva was still traveling at a high speed, the officer observed him leaning to his right at a severe angle, apparently placing his right hand underneath the passenger seat; Silva continued to drive in that position as he passed a stopped car, braked rapidly, changed lanes, and pulled to the right side of the road. Once Silva stopped, the officer approached from the passenger side, as he was concerned for his safety because of Silva's actions in front of the passenger seat. That window was open, and the officer asked Silva why he was speeding and what he had placed under the seat; Silva responded that he was in a hurry to get to his child, and that he had not placed anything under the seat, but was attempting to retrieve a cellular telephone. The officer had Silva exit the car and "patted him down" to ensure he had no weapons. After finding no weapons on his person, the officer looked underneath the passenger seat expecting to find a "weapon or something of that nature." He smelled unburned marijuana, discovered a brick of marijuana under the seat, and arrested Silva.

Silva moved to suppress the marijuana as the result of an illegal search, the trial court conducted a hearing on the motion, and granted it. The Court of Appeals reversed the trial court, finding that the officer was legally justified in looking under the seat, and that the marijuana was therefore in "plain view" when he encountered it. *Silva*, supra at 373. Further facts are reported in the decision of the Court of Appeals, *Silva*, supra.

The Court of Appeals did not err in determining that the de novo standard of review was to be applied when it reviewed the decision of the trial court on the motion to suppress. The majority opinion of the Court of Appeals relies upon the principle that "[w]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review," citing *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994). *Silva*, supra at 371. Applying that principle, the majority found that the officer's act of looking under the seat was justified, as a reasonably prudent officer in his circumstances would be warranted in believing that his safety was in danger. *Silva*, supra at 373.

The Court of Appeals' dissent relies upon the principle that a "trial court's decision with regard to the questions of fact and credibility must be accepted unless clearly erroneous," citing *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). *Silva*, supra at 374. The dissent asserts that the trial court resolved a conflict in the evidence because in the officer's written report of the incident, he stated that he saw Silva lean over while driving "in an apparent attempt to retrieve an item or conceal an item," which conflicted with the officer's testimony at the hearing that he suspected that Silva had retrieved, or concealed, a weapon. Id. at 374-375. But there was no conflict. Of course, the word "item" can include a myriad of objects, including a variety of weapons. The lack of specificity in using "item" in this instance, does not mean the two words conflict. And examination of the entire incident report[1] shows that the officer was searching for a weapon; he wrote that he "frisked [Silva] for weapons" and "frisked the front seat area for weapons."

Further, even if the trial court did resolve any inconsistency in the evidence, it clearly credited the officer's testimony that he looked into the car because he feared that Silva had placed a weapon there,[2] and no inconsistency affected its ruling. In reviewing the issue before

---

[1] The report itself was not entered into the record; its text was read by the officer.

[2] At the motion hearing, after the officer testified on direct examination, cross-examination, re-direct examination, and re-cross-examination, the trial court posed nine questions of its own to the officer; none addressed the asserted conflict.

it from the bench and discussing the officer's actions, the court stated "he has no idea that there are any drugs involved, but he thinks there may be a weapon there." The court also stated: "[t]he door was opened to look for a weapon. . . . There was no other reason for doing that." The court phrased the issue on the motion to suppress as: "[d]id the officer have the right under the Constitution to open the door and look for a weapon?" And: "[d]o officers have the right to search a vehicle for weapons?" The court then asked the parties to further argue and answer its question, "[w]hat is the law" as to that issue.

After that focused argument, the trial court stated that it had concluded that the law permitted the officer to pat down Silva's person, but that the law did not allow "the extension of the search to the automobile," and the court granted the motion to suppress. The court's written order states that the court "finds that the initial search of defendant and defendant's automobile was illegal . . . ." The only conclusion that can be reached on review is that the trial court credited the officer's testimony, believed that he was indeed looking for a weapon, and decided the motion on an issue of law rather than on any issue of conflicting evidence. The de novo standard of review was the correct one to be applied by the Court of Appeals.

Nor did the Court of Appeals err in reversing the trial court under that standard. "[I]nvestigative detentions involving suspects in vehicles are especially fraught with danger to police officers." *Michigan v. Long*, 463 U. S. 1032, 1047 (III) (103 SC 3469, 77 LE2d 1201) (1983). The officer's belief that Silva was potentially dangerous was objectively reasonable. Id. at 1051. He had seen Silva acting suspiciously to conceal an object, and Silva then gave an explanation that the officer found implausible, given the recklessness with which Silva changed lanes. The officer did not plan to place Silva in custody based upon any traffic violation, and thus knew Silva would be returning to his car, with the unknown and potentially dangerous item under the front seat. In such circumstances, a reasonably prudent officer would have concerns for his safety, and the officer in this case acted appropriately. An officer who has detained an occupant of a motor vehicle may conduct a search founded on the reasonable belief, based on articulable facts and rational inferences, that the occupant may gain immediate control of a weapon. *State v. Jarrells*, 207 Ga. App. 192 (427 SE2d 568) (1993). See *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981) (what constitutes articulable facts and "founded suspicions" is judged by the totality of the circumstances). The fact that Silva was outside his car, standing by the officer's vehicle, when the search was conducted does not change the matter; a suspect re-entering his car after an investigative detention will have access to any weapon therein. *Michigan v. Long*, supra at 1051-1052.

Nor is it of any moment that Silva gave the officer an explanation for his behavior that did not involve a weapon or illegal drugs. As the Court of Appeals noted, there is no constitutional requirement that the officer stake his safety on Silva's explanation of his actions. *Silva*, supra at 373. See *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991).

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully dissent from the majority's affirmance of the judgment of the Court of Appeals. In its effort to endorse the use by the Court of Appeals of the de novo standard of review, the majority erroneously disregards the trial court's implicit credibility determination and joins the Court of Appeals in ignoring a factual determination made by the trial court concerning dangerousness. Because the trial court's factual determination that the officer did not believe the speeding driver was dangerous must be upheld since it is supported by evidence, the Court of Appeals' legal theory permitting the search under *State v. Jarrells*, 207 Ga. App. 192 (3) (427 SE2d 568) (1993) fails. Consequently, it is the ruling of the trial court, not the Court of Appeals, that must be affirmed.

*Jarrells* authorizes a police officer who does not arrest an occupant of an automobile to conduct a warrantless search of the vehicle's passenger compartment if the officer has " 'a reasonable belief, based on specific and articulable facts and rational inferences from those facts, that the occupant(s) of the vehicle are dangerous and may gain immediate control of a weapon.' [Cit.]" Id. at 193. In the case at bar, the trial court summarized its position at the conclusion of the hearing on the motion to suppress by asking rhetorically whether an officer can search a vehicle without knowledge of the presence of a weapon or that the driver is a dangerous person, and then stating its belief that the officer did not have a "particular reason" to think the defendant might be dangerous. Based on that factual determination, the trial court concluded the extension of the search to the automobile was unlawful.

In reviewing a trial court's order on a motion to suppress, an appellate court must accept the trial court's factual findings unless clearly erroneous. *Tate v. State*, 264 Ga. 53 (1) (440 SE2d 646) (1994). A trial court's finding of fact will not be deemed to be clearly erroneous if there is any evidence to support it. *State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002). In the case at bar, the trial court's factual determination that the officer did not believe the driver was dangerous is supported by evidence of the way the officer handled his investigation — he left the unrestrained driver standing by the hood

of the police cruiser, turned his back on the driver and walked to the driver's car where he opened the passenger door, and knelt down on the ground to look inside the car. Compare *Brown v. State*, 269 Ga. 830 (504 SE2d 443) (1998), where the officer locked the unarrested driver in the officer's patrol car while the officer searched the driver's vehicle. Instead of accepting the trial court's finding regarding dangerousness, the Court of Appeals made its own finding — the officer was a reasonably prudent officer who was warranted in believing his safety was in danger. *State v. Silva*, 263 Ga. App. 371, 372-373 (587 SE2d 762) (2003); majority op. at 507. Making a finding of fact is not within the purview of an appellate court and, in this case, such appellate action is especially inappropriate since the trial court had made a finding on the issue of dangerousness. Since the trial court had determined the officer did not believe the driver was dangerous, and a valid warrantless search of a vehicle pursuant to *State v. Jarrells* must be based on a reasonable belief that the vehicle's occupant is dangerous, the trial court was correct when it concluded the warrantless search of the car was invalid. Accordingly, the Court of Appeals' judgment reversing the trial court should itself be reversed.

Moreover, the majority appears to believe it has laid to rest the issue of whether there was a credibility issue for resolution by the trial court when the majority determined there was no credibility issue raised by the officer's "item/weapon" report and testimony. However, my reading of the transcript of the suppression hearing reveals there was another example of inconsistency in the officer's testimony that could support the trial court making a credibility determination in granting the motion to suppress. The officer testified to three different moments in his investigation when he first smelled marijuana in the driver's car: in the incident report he read aloud at the suppression hearing, the officer stated he smelled marijuana when he opened the passenger door. At the hearing, he testified he smelled marijuana when he "got real close," having gone to his knees to look under the passenger seat, and he later testified he smelled marijuana when he picked up the package he found under the passenger seat. Based on this testimony, the trial court could have determined the search was illegal after making a credibility determination adverse to the State's case. Witness credibility and the weight to be given testimony in a suppression hearing lies solely with the trial court as trier of fact and the trier of fact is not obligated to believe a witness, even if the testimony of that witness is uncontradicted. *Tate v. State*, supra, 264 Ga. at 56. Furthermore, the trier of fact may accept or reject any portion of the testimony, and the factfinder's "decision with regard to the questions of fact and credibility must be accepted unless clearly erroneous." Id. Since there is

evidence in the record to support the trial court's implicit credibility determination adverse to the State, a reviewing appellate court must accept it. Both the Court of Appeals and the majority err when they fail to accept the trial court's implicit credibility determination.

I respectfully dissent from the affirmance of the Court of Appeals' inappropriate reversal of the trial court.

DECIDED OCTOBER 12, 2004.

*Summer & Summer, Daniel A. Summer, W. Bennett Gaff*, for appellant.
*Jason Deal, District Attorney, E. Paul Stanley, Kiesha R. Storey, Assistant District Attorneys*, for appellee.